# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Deborah Harrison,**
**Claimant Below, Petitioner**

**vs.)**     **No. 22-0133**     (BOR Appeal No. 2057150)
                          (JCN: 2021004569)

**Greg Hockin, Greg's Restaurant,**
**Employer Below, Respondent**


# MEMORANDUM DECISION


Petitioner Deborah Harrison appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Greg Hockin, Greg's Restaurant filed a timely response.[1] The issue on appeal is compensability. The claims administrator rejected the claim on August 14, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its July 15, 2021, Order. The Order was affirmed by the Board of Review on January 20, 2022. Upon our review, we determine that oral argument is unnecessary and that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. *See* W. Va. R. App. P. 21.

Ms. Harrison injured her lumbar spine while lifting heavy boxes at work on June 11, 2020. On June 19, 2020, she sought treatment from Valley Health Hampshire Memorial Hospital Emergency Department and reported acute right-sided low back pain after doing heavy lifting at work. Ms. Harrison attempted bed rest for several days but saw little improvement. When she returned to work and again attempted heavy lifting, the severe pain recurred. John Potter, M.D., examined Ms. Harrison and reviewed a prior CT scan, which showed mild to moderate degenerative joint disease. Dr. Potter diagnosed acute left-sided low back pain with left-sided sciatica and referred Ms. Harrison to Jerry Mitchell Hahn, M.D.

Ms. Harrison completed an employees' and physicians' report of injury on June 19, 2020, stating that she injured her lower back while lifting heavy boxes at work on June 11, 2020. The physician's section was completed by Dr. Potter who opined that Ms. Harrison sustained an occupational injury in the form of a lumbar spine strain with sciatica. A diagnosis code was not included. On June 19, 2020, Dr. Potter signed a second employees' and physicians' report of injury

---

[1]Petitioner, Deborah Harrison, is represented by Grant M. Sherman, and respondent, Greg Hockin, Greg's Restaurant, is represented by Lisa Warner Hunter.

in which he again opined that Ms. Harrison sustained a lumbar spine injury as a result of heavy lifting; however, the date of injury was indicated as June 18, 2020. The diagnosis was listed as right-sided low back pain with sciatica with the diagnosis code M54.40, which is the diagnosis code for sciatica.

The claims administrator rejected the claim on August 14, 2020. On July 15, 2021, the Office of Judges affirmed the decision. It found that Ms. Harrison had preexisting moderate degenerative joint disease, as noted on a CT scan taken approximately a year prior to the alleged injury. The Office of Judges also found that the date of injury was listed as June 11, 2020, on the first report of injury and June 18, 2020, on the second report of injury. Lastly, the Office of Judges noted that first report of injury did not include a diagnosis code, and the second, report of injury listed the diagnosis code as sciatica. Sciatica is pain in the sciatic nerve, which the Office of Judges found was not a diagnosis, but rather a symptom. The Office of Judges concluded that Ms. Harrison did not sustain a compensable work-related injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the order on January 20, 2022.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we find that the Board of Review's decision is the result of erroneous conclusions of law. In Syllabus Point 5 of *Moore v. ICG Tygart Valley, Inc.*, 247 W. Va. 292, 879 S.E.2d 779 (2022) this Court held that:

> [a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

The evidence indicates Ms. Harrison suffered an acute onset of lower back pain while lifting heavy boxes at work on June 11, 2020. She stated that she tried several days of bed rest and returned to work on June 18, 2020. When she attempted to lift heavy boxes, the pain recurred. Ms. Harrison sought treatment and was diagnosed with acute left-sided low back pain with left-sided sciatica. On the first report of injury, Dr. Potter indicated Ms. Harrison sustained a lumbar sprain with sciatica. Regardless, the evidence shows that Ms. Harrison suffered acute lower back symptoms while performing her work duties. However, the evidence also indicates Ms. Harrison

2

had preexisting mild to moderate degenerative joint disease. It is unclear from the record whether she was experiencing symptoms prior to the alleged work injury. We therefore reverse and remand the case for further development of the evidentiary record and analysis of the claim under *Moore*.

Reversed and Remanded.

**ISSUED: October 19, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn